United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 05-30529
Summary Calendar

---

QUICKIE CHICKIE, INC.,

Plaintiff-Appellant,

versus

GARY S. SEXTON, In His Capacity as Sheriff of the
Parish of Webster,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
(5:05-CV-44)

---

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Quickie Chickie, Inc., appeals the dismissal of its civil rights complaint against Gary S. Sexton, the Sheriff of Webster Parish, Louisiana. Quickie Chickie contends: it has been deprived of its immovable property by the Sheriff, in violation of its procedural and substantive due process rights; and the Sheriff's actions constitute an unconstitutional "taking".

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed the procedural due process claim under the **Parratt/Hudson** doctrine. *See* **Hudson v. Palmer**, 468 U.S. 517, 533–33 (1984); **Parratt v. Taylor**, 451 U.S. 527, 543–44 (1981), *overruled on other grounds*, **Daniels v. Williams**, 474 U.S. 327 (1986). Under that doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does *not* result in a violation of procedural due process if the State provides an adequate postdeprivation remedy. *See* **Myers v. Klevenhagen**, 97 F.3d 91, 94 (5th Cir. 1996). Quickie Chickie bears the burden of showing the State's postdeprivation remedy is inadequate. *See* **id**.

Quickie Chickie contends a state district court issued a sequestration order pertaining to movable property stored on its immovable property pursuant to a lease for which the lessee is in default. Quickie Chickie asserts it is not challenging the writ of sequestration, but wishes only to challenge the illegal seizure of its immovable property resulting from the Sheriff's execution of the writ of sequestration. Quickie Chickie contends it does not have standing to raise this question in the state-court action. In that regard, it maintains no state court has ordered the seizure of its immovable property and, therefore, there is no state-court order for it to challenge.

Quickie Chickie cites no authority for these propositions; it has not shown relief is not available in either the state district court or the city court where an eviction proceeding filed by

2

Quickie Chickie is pending. Quickie Chickie has not carried its burden of showing it does not have an adequate state postdeprivation remedy. *See* ***id***.

As for its Fifth Amendment "takings" claim, Quickie Chickie has not shown it has exhausted its state-court remedies. *See* ***Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City***, 473 U.S. 172, 194–95 (1985).

Finally, Quickie Chickie claims the Sheriff's actions violated its right to substantive due process. Those actions do not "shock the conscience" and do not impinge upon fundamental rights. *See* ***Brennan v. Stewart***, 834 F.2d 1248, 1256 (5th Cir. 1988). Moreover, they were rationally related to the government's interest in maintaining the movable property pending disposition in the state-court proceeding. *See* ***Simi Inv. Co., Inc. v. Harris County, Tex.***, 236 F.3d 240, 249 (5th Cir. 2000), *cert. denied*, 534 U.S. 1022 (2001).

***AFFIRMED***

3